In the Matter of an Application for an Order Vacating **ALASKA SUPREME COURT ORDERS NO. 64, 68, 69, 70 AND 71,** and Other Relief.

No. 532.

Supreme Court of Alaska.

Oct. 23, 1964.

---

Harland W. Davis, Anchorage, for petitioner.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

PER CURIAM.

A petition has been filed requesting this court to vacate certain of its orders and to grant other relief. Petitioner has now moved to dismiss the petition. We deny the motion to dismiss. Our reasons for this action can best be understood in the light of a brief history of events preceding the filing of the petition and the motion to dismiss it.

Before Alaska became a state and this court came into existence, the Territorial Legislature in 1955 had enacted chapter 196 which integrated the Alaska Bar and provided that it be governed by a Board of Governors of the Alaska Bar Association.[1] Following statehood and after this court had been in operation for approximately three and one-half years, there was adopted during the 1963 session of the state legislature Senate Resolution No. 39 which provided as follows:

"WHEREAS the courts of many states, including the Supreme Court of the State of Alaska, have held that attorneys are officers of the court and that their qualifications and fitness to practice law before the courts is a matter for final determination by the Supreme Court; and

"WHEREAS the Alaska Integrated Bar Act (AS 08.08) raises the question of whether the Board of Governors of the Alaska Bar Association as presently constituted is a part of the executive or judicial branch of government;

"BE IT RESOLVED that the Supreme Court of the State of Alaska with the assistance of the Judicial Council and the Alaska Bar Association is respectfully requested to prepare suggested rules placing the Alaska Bar Association in the judicial branch of government and report its action and recommendations, together with recommendations for any necessary legislative action consistent with its determinations, to the legislature at the time of the convening of the second session in 1964."

In response to this resolution the court presented to the state Senate at the begin-

1. S.L.A.1955, ch. 196 (AS 08.08.010–08.08.250).

ning of the 1964 legislative session a set of rules for the government of the Alaska Bar Association as part of the judicial branch of the government of Alaska, and advised the Senate that it was the court's intention to adopt the rules effective June 1, 1964. The court also recommended to the Senate that most of the existing provisions of law relating to the Alaska Bar be repealed, since the matters covered by statute would be covered by court rule.

Before a final draft of the rules was presented to the Senate, copies had been distributed to the Board of Governors and all members of the Alaska Bar Association. The court had suggested to the Board of Governors that it obtain the views and suggestions of the various local bar associations and then express to the court the Board's views and suggestions. In reporting to the court the Board stated its position to the effect that the court should not adopt any rules. The Board was of the opinion that the bar should be permitted to make its own rules and conduct its own affairs, subject to the final approval of the court in admission and disciplinary matters, with power in the court to veto any rule adopted by the bar.

The rules governing the Alaska Bar Association which had been submitted to the state Senate were promulgated as rules of this court, effective June 1, 1964, by Supreme Court Order No. 64. The Board of Governors refused to comply with the rules. The court then issued its Orders Nos. 68, 69, 70 and 71 for the purpose of vindicating its authority to adopt and promulgate the rules. Order No. 68 removed from office the members who constituted the Board of Governors and officers of the Alaska Bar Association. By Orders 69 and 70 all funds and other assets of the association were sequestered and transferred to the temporary possession and control of the court pending election or appointment of a successor Board of Governors. Order No. 71 appointed an executive director-trustee of the association who was to manage the affairs of the association under supervision of the court during the period that the association was without a Board of Governors.

Following the adoption of the orders mentioned, a civil action was brought against the justices of this court in the United States District Court for the District of Alaska.[2] In an amended complaint the Alaska Bar Association and 163 members of the bar are named as the plaintiffs. One purpose of this action, among others, is to obtain a judicial declaration that this court's rules for the government of the Alaska Bar are null and void.

Following the commencement of the federal court action the court observed that the State Grievance Committee Chairman and the four District Grievance Committees of the Alaska Bar Association and the Committee of Law Examiners were functioning in compliance with the Alaska Bar Rules and making their required reports. In addition, the court was informed by counsel for the Alaska Bar Association, its Board of Governors and officers, that they would—

"* * * obey as far as is reasonably possible the rules, orders and writs of the Supreme Court of Alaska affecting the Alaska Bar Association in the conduct of its affairs, unless the enforcement of these rules, orders and writs is stayed by the United States District Court, or until the same are vacated or annulled by a court of competent jurisdiction or the Legislature and people of Alaska."[3]

2. Also named as defendants were the Supreme Court of the State of Alaska, the administrative director of the Alaska Court System and the court-appointed executive director-trustee of the Alaska Bar Association.

3. Letter of August 6, 1964 to the Clerk of the Supreme Court of Alaska from Arthur D. Talbot, Esq., counsel for a committee of lawyers of the Alaska Bar Association, its Board of Governors and officers.

Based upon these assurances the court felt it was unnecessary to continue the temporary arrangement provided for in Supreme Court Orders 68, 69 and 71. The court then issued its Order No. 72 which rescinded Order No. 68 and which provided for termination of Orders 69 and 71 at such time as the property which had been sequestered by the court was delivered to the custody of the Board of Governors.[4]

While the federal court action was pending, but prior to the adoption of Order No. 72, petitioner commenced the proceeding which is the subject of this opinion. The issues raised by the petition are whether the court has acted beyond the legitimate scope of its power and authority in adopting and promulgating the rules governing the Alaska Bar and in adopting the orders of the court mentioned above. The stated object of the petition was to afford this court—

" * * * an opportunity to decide the issues heretofore stated by an exhaustive written opinion which considers every legal and jurisprudential facet of this cause in order to fully expose its actions and its reasoning thereon to the light of public and judicial scrutiny and criticism, and to permit this court to voluntarily exercise judicial restraint in order to right wrongs after an uncompromising, demanding, rigorous and self-searching analysis of its purposes, powers and principles which the exceedingly grave and important issues deserve."

Petitioner now asks that this proceeding be discontinued. He refers to the fact that most of the relief sought in the petition has been effected, and the issues raised in the petition rendered moot, by this court's action in rescinding its Order No. 68 and providing for the termination of Orders 69 and 71. Petitioner states that he does not desire to pursue or waste the court's time with moot questions. In addition, petitioner states that by rescinding and terminating the orders mentioned and by participating in discussions leading toward resolution of the Alaska Bar Association problems and difficulties, the court has demonstrated its awareness of its high purpose as the collective legal conscience of Alaska and of its correlative obligations in effecting that purpose. For these reasons petitioner feels that it is in the best interests of justice, the court and petitioner that the petition be dismissed.

We believe that this proceeding should not be discontinued. An important issue that has not been rendered moot is whether this court had the authority to adopt rules for the government of the Alaska Bar. This issue is not only important but appears to be the critical issue in this entire controversy over the court's actions. That a genuine controversy exists is beyond dispute. Of the total 210 active members of the Alaska Bar, 163 have demonstrated their belief that the court was without legal authority to promulgate its rules when these members joined as plaintiffs in the federal court action brought against this court. It is fair to presume, we believe, that of the remaining 47 members who are not plaintiffs in that action, a substantial number share an opposite view and believe that the court's actions were valid.

This crucial issue ought to be resolved, and we believe it highly appropriate that it be resolved in the first instance by this court which is the highest court of this state. Some will undoubtedly feel that the issue has already been resolved by the court's action in promulgating the rules. True, the court did not adopt the rules without first being convinced by careful study that it had the power and authority to act as it did. But the question of the scope and extent of this court's judicial power as it relates to the rules it has made for gov-

4. Order No. 70 had been complied with and was no longer of effect after the President of the Association had delivered certain funds of the Association to the court in accordance with the requirements of Order No. 69.

ernment of the bar has never been briefed and argued and presented to the court as a judicial tribunal in a proceeding of an adversary nature. It is possible that despite the careful scrutiny given the problem by this court prior to the adoption of the rules, there exist facets of the problem which the court had not considered and which would be disclosed by able counsel in briefing and arguing their contention that the court has exceeded the lawful scope of its judicial power.

In order that this court will be fully advised as to all aspects of the controversy over its promulgation of the Rules of the Alaska Bar Association, we believe it is highly advisable that the question of the court's authority to adopt the rules be comprehensively briefed and argued before us in an adversary proceeding. When that has been done, we shall review our own actions in the light of the arguments presented and render a final judgment and decision as we would in any other case or controversy that is brought before us for determination.

The motion to dismiss the petition is denied. The filing of briefs in support of the pending petition by any member of the bar as well as by petitioner himself is encouraged by the court. The time within which briefs may be filed is extended until sixty days after the date of publication of this opinion.